UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                 Case No.  14-20131

KENNETH FLASKA,                       Judge Paul D. Borman

      Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO SEAL RULE 11 PLEA AGREEMENT, AND THE MOTION TO SEAL THE MOTION TO SEAL

On April 23, 2014, Defendant Flaska pled guilty in open court pursuant to a Rule 11 Plea Agreement. After the plea, Defendant's counsel requested that this Court seal the transcript of the plea proceeding and the Rule 11 Plea Agreement. The Court stated that it would only consider the issue if Defendant filed a motion/brief citing authority by the end of the next day, April 24, 2014. None was filed by that deadline.

The Court received a tardy motion and brief to seal the Rule 11 Plea Agreement on April 28, 2014. Defendant no longer sought to seal the transcript of the plea proceeding. The Assistant United States Attorney concurred in the Defendant's Motion to Seal the Rule 11 Plea Agreement.

The motion notes that the guilty proceeding plea received extensive publicity in the *Detroit Free Press, Detroit News,* and *Crain's Detroit Business* magazine. The motion asserts that disclosures in the Rule 11 Plea "agreement would serve no purpose other than to further embarrass Mr. Flaska (and perhaps the victims)." (Mo. at 2.)

The entire brief in support of this motion is as follows: "The relief requested in this motion lies within the sound discretion of the trial court."

## ANALYSIS

The relief requested does not rest within the sound discretion of the trial court, because the Supreme Court has clearly stated that the First Amendment provides a right of access to criminal trials and preliminary hearings: "Public access to criminal trial is essential to the proper functioning of the criminal justice system." *Press-Enterprise Co. v. Superior Ct.*, 478 U.S. 1, 10 (1986). In *Richmond Newspapers v. Virginia*, 448 U.S. 555, 574 (1980), the plurality of opinion of Chief Justice Burger concluded "that a presumption of openness inheres in the very nature of a criminal trial under our system of justice."

The instant plea was received in an open public courtroom. The Rule 11 Plea Agreement was discussed in detail. This is the way our system of justice functioned, and how it should continue to function. The Rule 11 plea agreement is a public court document. This single defendant case does not present a situation where there would be a danger to the Defendant from public awareness of the full content of the Rule 11 Plea Agreement, e.g., cooperation by the Defendant against co-defendants.

The Court refuses to seal Defendant's Rule 11 Plea Agreement. Further, because the Motion to Seal the Rule 11 Plea Agreement and its very brief brief were frivolous, the Court refuses to seal the Motion to Seal, and the Motion to Seal the Motion to Seal.

## CONCLUSION

The Court will follow the Supreme Court precedent and hold that the Rule 11 Plea Agreement documents filed with the Court, and discussed in open court in detail, are in the public sphere.

3

Defendant's Motion to Seal his Rule 11 Plea Agreement, and his Motion to Seal his Motion to Seal are **DENIED.**

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  April 30, 2014


CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 30, 2014.

s/Deborah Tofil
Case Manager